[No. 8774.]·

## WHITE v. HURLBUT GROCERY COMPANY.

1. EVIDENCE—*Burden of Proof.* Action for Goods Sold. Plaintiff produced its book of accounts showing the charge of the goods to defendant. An instruction that upon this the burden shifts to defendant to show that the goods were sold to another. *Held*, error. The burden to establish his case remains upon the plaintiff throughout the trial.

2. ——*Books of Account.* The statute (Rev. Stat., sec. 7268) has not the effect to cast upon defendant the burden of showing that the goods were sold to another.

3. INSTRUCTIONS—*Oral—Waiver of Error.* Consent to an oral charge to be afterwards reduced to writing is no waiver of error therein.

*Error to Denver County Court.* Hon. IRA C. ROTH-GERBER, Judge.

Messrs. DINES, DINES & HOLME, for plaintiff in error.

Messrs. ROGERS, ELLIS & JOHNSON, Mr. EARL H. ELLIS, for defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the court.

This was a suit by the Hurlbut Grocery Company against Carrie S. White, upon a book account for merchandise sold and delivered. The action was commenced before a Justice of the Peace and upon appeal to the County Court, judgment was rendered in favor of the grocery company in the sum of $72.45. There were no pleadings.

It appears that the defendant had been purchasing goods on account from the plaintiff, and afterward, with her two sisters, organized the White Hotel Company, which latter company used the goods in question. The plaintiff continued to charge the account to the defendant, and claimed to be without knowledge of the existence of the new company.

The only error urged upon review is as to that part of the instruction No. 1, as follows:

"Instruction No. 1. You are instructed that this is an action brought by the plaintiff, The Hurlbut Grocery Company, to obtain judgment against the defendant, Carrie S. White for the value of merchandise sold by the plaintiff, as it claims, to the defendant. The defendant claims that the articles sold, about which there is no dispute as to value or kind, were sold to The White Hotel Company and not to the defendant. The burden of proof in this case is upon the plaintiff to prove by a preponderance of the evidence that the articles were sold to the defendant. The production of Exhibit 'A' in evidence, and which it is admitted is a copy of the book of the plaintiff company, kept in the regular course of business, establishes a presumption of the fact that the articles were sold by the plaintiff to the defendant. The burden after the production of this exhibit and its admission in evidence shifts to the defendant to prove by a preponderance of the evidence that the articles were purchased by, or rather were sold to, The White Hotel Company, instead of the defendant."

The instructions were by agreement given orally, and afterward reduced to writing by the court reporter. It was agreed by the parties that the instructions and objections should later be reduced to writing. The record discloses that counsel so made the following objection to Instruction No. 1:

"The defendant objects to the following portion of Instruction No. 1, to-wit:

'The burden after the production of this exhibit and its admission in evidence shifts to the defendant to prove by a preponderance of the evidence that the articles were purchased, or rather were sold to The White Hotel Company instead of the defendant,' for the following reasons:

The rule as to the burden of proof is erroneous.''

That part of the instruction complained of was clearly erroneous and prejudicial.

It is true that the statute provides that the production of books of account establishes a presumption of the. fact that the articles were sold by the plaintiff to the. defendant, but the effect of this is to make a *prima facie* case only, and upon which in the absence of contrary evidence, judgment may be rendered. In other words it then becomes the duty of the defendant to go forward with his testimony. But in no sense does such presumption cast the burden on the defendant to prove by a preponderance of the evidence that the goods were sold to another than the defendant. The burden to establish his case does not shift from the plaintiff to the defendant, but continues throughout the trial.

Speaking of such a legal presumption we said in *Ward & Teller Reservoir Co.,* 60 Colo. 47, 153 Pac. 219:

''We are not to be understood as saying that such *prima facie* case is conclusive, for it is always subject to be overcome by evidence to the contrary. But it sufficiently raises the issue of fact, to be determined as any other issue of fact, upon all the surrounding facts and circumstances.

It is in law a presumption, and, presumptions are rules of convenience based upon experience or public policy, and established to facilitate the ascertainment of truth in the trial of causes. Except in the few instances of conclusive presumptions, one is not as a matter of law stronger or weaker than another. The whole case is then thrown open to be decided as a fact, upon all the evidence. It is for the sound judgment of the jury to weigh all the circumstance, including the characters of the persons involved and the probability of different lines of con-

duct, and determine where the truth lies as a matter of common sense unfettered by any arbitrary rule.''

Counsel for defendant in error admit the instruction to be erroneous, but contend that plaintiff in error waived her right to take advantage of it, for the principal reason that the instruction was oral, and that the trial court did not have opportunity to consider it.

The record does not bear out the suggestion that the objection was not considered by the court, and counsel for plaintiff waived any rights they might otherwise have under Rule 13 of this court, by consenting that the instructions and objections should afterward be reduced to writing.

The judgment is reversed.

WHITE, C. J., and GARRIGUES, J., concur.