No. 13,955.

AMERICAN INSURANCE COMPANY ET AL. *v.* NAYLOR.
(70 P. [2d] 349)

Decided June 21, 1937. Rehearing denied July 12, 1937.

Messrs. Berman & Holland, Mr. Joseph N. Lilly, for plaintiffs in error.

Messrs. Smith, Brock, Akolt & Campbell, Mr. R. A. Dick, for defendant in error.

*En Banc.*

Mr. Justice Bouck delivered the opinion of the court.

The judgment we are asked to reverse was based upon fatal personal injuries resulting from an automobile collision. The defendants are plaintiffs in error here.

The collision was between a car owned by the defendant American Insurance Company and driven by the defendant Reams, one of its agents, and a car driven by a relative of the plaintiff Naylor, now defendant in error. Plaintiff's wife, riding in the Naylor car, sustained injuries, from which death resulted about three months

later. Plaintiff recovered a $4,000 judgment on account of his wife's death under Compiled Laws 1921, sections 6303 and 6304, which are now '35 C. S. A., chapter 50, sections 2 and 3 (volume 2).

██ Among the numerous assignments of error is one on the giving of the following instruction:

"The burden of proof is upon the plaintiff to establish by a preponderance of the evidence that at the time of the collision John L. Reams was an employee of the defendant, The American Insurance Company, and was at said time acting in the course of and within the scope of his authority. If, however, you find from a preponderance of the evidence that John L. Reams was a general employee of the American Insurance Company and as such had charge of the automobile owned by the American Insurance Company which Reams was operating at the time of the collision, then a presumption arises that in operating the car at the time of the collision he was acting in the course of and within the scope of his authority, *and the burden of proof is upon the defendant, The American Insurance Company, to rebut such presumption by a preponderance of the evidence.*" (Italics are ours.)

The presumption above referred to is, of course, not a conclusive presumption or a presumption of law, but an inference of fact. Even a fact presumption expressly created by statute—and this one has no statutory basis whatever—does not shift the burden of proof to the defendant. The function of such a presumption, whether created by statute or not, is correctly described and limited in *White v. Hurlbut Grocery Co.,* 62 Colo. 483, 485, 162 Pac. 1143. The instruction there complained of was as follows: " * * * The burden after the production of this exhibit [creating a certain statutory fact presumption] and its admission in evidence shifts to the defendant to prove by a preponderance of the evidence that the articles were purchased, or rather were sold to The White Hotel Company instead of the defendant." In regard to that instruction, we there said:

"That part of the instruction * * * [shifting the burden of proof to the defendant] was clearly erroneous and prejudicial. It is true that the statute provides that the production of books of account establishes a presumption of the fact that the articles were sold by the plaintiff to the defendant, but the effect of this is to make a *prima facie* case only, and upon which in the absence of contrary evidence, judgment may be rendered. In other words, it then becomes the duty of the defendant to go forward with his testimony. But in no sense does such presumption cast the burden on the defendant to prove by a preponderance of the evidence that the goods were sold to another than the defendant. The burden to establish his case does not shift from the plaintiff to the defendant, but continues throughout the trial. Speaking of such a legal presumption we said in *Ward v. Teller Reservoir Co.,* 60 Colo. 47, 153 Pac. 219: 'We are not to be understood as saying that such *prima facie* case is conclusive, for it is always subject to be overcome by evidence to the contrary. But it sufficiently raises the issue of fact, to be determined as any other issue of fact, upon all the surrounding facts and circumstances. It is in law a presumption, and, presumptions are rules of convenience based upon experience or public policy, and established to facilitate the ascertainment of truth in the trial of causes. Except in the few instances of conclusive presumptions, one is not as a matter of law stronger or weaker than another. The whole case is then thrown open to be decided as a fact, upon all the evidence. It is for the sound judgment of the jury to weigh all the circumstance, including the characters of the persons involved and the probability of different lines of conduct, and determine where the truth lies as a matter of common sense unfettered by any arbitrary rule.' "

Our position as thus stated in *White v. Hurlbut Grocery Co., supra,* is in harmony with the overwhelming weight of authority. Thus, without specifically citing any of the numerous cases from other jurisdictions, we

quote as representative of the best textwriters the following from 22 C. J., pages 67 et seq.:

"[§13] * * * Although the phrase 'burden of proof' is one of double meaning, which circumstance has been the cause of confusion so great as to suggest the propriety of adopting a less objectionable term, it has a firmly established place in legal phraseology and cannot well be superseded. The ambiguity lies in the indiscriminate use of the phrase 'burden of proof,' as meaning either: First, the necessity of establishing the existence of a certain fact or set of facts by evidence which preponderates to a legally required extent; or second, the necessity which rests on a party at any particular time during a trial to create a prima facie case in his own favor or to overthrow one when created against him. In this article the phrase 'burden of evidence' will be applied to this second meaning, and the phrase 'burden of proof' to the necessity of finally establishing a fact or facts in issue. 'Burden of evidence' represents a very ordinary and, indeed, inevitable incident of any contest which is to be decided by the use of reason as influenced by facts and argument. Confusion can, to a certain extent, be avoided, and apparent contradictions reconciled, by bearing in mind the distinction between 'burden of proof' and 'burden of evidence,' to be hereinafter stated, and also the fact that in the vast majority of cases any such distinction is entirely ignored by the courts.

"[§14] * * * The general rule is that the burden of proof rests upon the party who has the affirmative of the issue, as determined by the pleadings * * *. This rule is founded upon the obvious purpose of facilitating justice by serving the convenience of the court; and as the rule as to burden of proof is a fixed rule of law, the burden never shifts from the party having the affirmative of the issue. * * * The rule as to the burden of proof is important and indispensable in the administration of justice, and constitutes a substantial right of the party upon whose adversary the burden rests. It should there-

fore be jealously guarded and rigidly enforced by the courts. The test for determining which party has the affirmative, and therefore the burden of establishing a case, is found in the result of an inquiry as to which party would be successful if no evidence at all were given, the burden being of course on the adverse party. * * * When the evidence is all in and the case is submitted for determination, there can obviously no longer be any question as to the burden of proof, so far as that term is concerned with the production of evidence; but at this stage the questions arising from the rule as to the burden of proof in its true sense and the obligation of a party to make out his case by the required quantum of evidence become of the utmost importance, and must be considered by court or jury in arriving at a determination.''

The authorities in situations like the one at bar are marshaled in the annotation at page 1397 of 22 A. L. R. See the cases there cited and discussed.

Compare: *Freeman v. Dalton,* 183 N. C. 538, 111 S. E. 863, where an interesting account is given of the gradual process of development whereby the North Carolina Supreme Court finally escaped from the ambiguity and confusion existing on the subject, and aligned itself with the true principles involved in this sort of litigation, as established by an overwhelming line of authorities.

The evidence adduced by the defendants in the case at bar tended to show that, though the defendant Reams was an agent of the defendant company and regularly used its automobile in connection with its business, nevertheless he was not so using it or intending to use it at the time of the collision, but that he was on a holiday pure and simple, wholly apart from the company's business, and was planning to give his passenger the latter's first view of the scenic beauties of the Rocky Mountain National Park. This of course was relevant and material evidence to contradict any possible inference, from the company's admitted ownership of the car, that

Reams was about his company's business when the collision occurred.

The burden of coming forward with such rebutting evidence was of course on the defendant company. However, the burden of proof itself—here, in other words, the requirement of overcoming by a preponderance of the evidence an inference which in the total absence of rebutting evidence might properly be drawn from the mere fact of ownership of the automobile—cannot lawfully be imposed upon the defendant. The burden of proof remained on the plaintiff. By the italicized part of the given instruction which we quoted at the beginning, the district court expressly transferred the burden of proof to the defendant company. This was prejudicial error and requires us to reverse the judgment and remand the case for a new trial in harmony with this opinion.

Counsel for the defendant corporation contends that the district court should be directed to enter a final dismissal of the case as to the corporation, but this cannot be done. Under the evidence in the record, the question whether the defendant company is or is not liable clearly remains an issue of fact.

Some of the other alleged errors covered by the assignments herein are serious ones, but we deem it unnecessary to discuss or decide them, as they all involve matters which should be entrusted to the trial court for proper disposition at the next trial.

Judgment reversed.

Mr. Chief Justice Burke and Mr. Justice Young dissent.