Paul W. PUCKETT, Plaintiff–Appellee,

v.

CITY AND COUNTY OF DENVER, a Colorado municipal corporation; Career Service Authority, James Yearby, Director of Personnel; Career Service Board, Mary Celeste, Larry Williams, Jim Raughton, Bernice Lopez, Michael Salazar; and Catherine A. Cary, Career Service Hearings Officer, Defendants–Appellants.

No. 99CA0025.

Colorado Court of Appeals,
Div. I.

March 16, 2000.

Rehearing Denied May 11, 2000.

Certiorari Denied Nov. 6, 2000.

Daniel F. Lynch, Denver, Colorado, for Plaintiff–Appellee.

DiManna & Jackson, Gary Jackson, Jane Hazen, Denver, Colorado, for Defendants–Appellants.

Opinion by Judge NIETO.

In this C.R.C.P. 106(a)(4) action, defendant, City and County of Denver (City), appeals the judgment of the trial court which reversed the decision of the City's Career Service Board concerning the classification of plaintiff, Paul W. Puckett. We reverse and remand with directions.

Plaintiff was selected to be the unit leader of the General Sessions unit of the Prosecution and Code Enforcement Section (PACE)

of the City Attorney's office. There was no job classification for the position of unit leader. The City Attorney's Office classified the position as Assistant City Attorney–Senior (ACA–Senior). Plaintiff appealed through the administrative process of the Career Service Authority, asserting the correct classification was Assistant City Attorney–Supervisor (ACA–Supervisor). A hearing was held before a hearing officer who made findings of fact and conclusions of law, and affirmed the position classification as Assistant City Attorney–Senior. The Career Service Board (Board) affirmed the decision of the hearing officer without any additional findings of fact or conclusions of law.

Plaintiff sought review of the Board's decision in the trial court. The trial court found that the Board had applied an erroneous legal standard and reversed the decision. The case was remanded to the Board with instructions to classify plaintiff as Assistant City Attorney–Supervisor. This appeal followed.

The City asserts the Board did apply the correct legal standard, and that competent evidence in the record supported the Board's decision. Therefore, it contends the trial court's decision must be reversed. We agree.

The hearing officer for the Board made findings of fact which the parties do not dispute. She found that plaintiff was an assistant city attorney assigned to the PACE section. PACE was supervised by an attorney who was classified as ACA–Supervisor. He supervised eighteen attorneys as well as clerical employees. The City Attorney reorganized PACE into three units, all under the supervision of the ACA–Supervisor. He placed an attorney as unit leader for each of the three units. Plaintiff was selected as unit leader of the General Session unit and promoted to ACA–Senior.

The hearing officer found that plaintiff spent more than fifty percent of his time functioning as unit leader. Some of his supervisory activities included trying cases with subordinate attorneys for purposes of training and covering courtrooms for subordinate attorneys. At least ten percent of his time was spent litigating cases assigned to him.

She further found, that while plaintiff had some supervisory responsibilities, he did not have final accountability for his subordinates. Issuing oral warnings was the only disciplinary function he exercised.

The hearing officer found that plaintiff's responsibility did not rise to the level of ACA–Supervisor. His job did not have the critical supervisory elements of final accountability for subordinates, budgeting, staffing, grievance handling, and discipline beyond oral reprimands. The hearing officer concluded that plaintiff performed duties greater than those described for the typical ACA–Senior, but less than the duties described for an ACA–Supervisor. She further concluded that plaintiff's duties more closely fell within the description of ACA–Senior. Therefore, she affirmed the classification of plaintiff as an ACA–Senior.

■ In a C.R.C.P. 106(a)(4) review, the court only considers whether the Board exceeded its jurisdiction or abused its discretion, "as well as whether an erroneous legal standard was applied by the agency." *Electric Power Research Institute, Inc. v. City & County of Denver*, 737 P.2d 822, 826 (Colo. 1987). The standard of review under C.R.C.P. 106(a)(4) is whether, on the basis of the whole record, the findings of the agency are supported by any competent evidence. *Cooper v. Civil Service Commission*, 43 Colo. App. 258, 604 P.2d 1186 (1979). No competent evidence means the record is devoid of evidentiary support for the decision. *Van Sickle v. Boyes*, 797 P.2d 1267 (Colo.1990). The reviewing court may not reweigh the evidence presented to the hearing officer. *Board of County Commissioners v. O'Dell*, 920 P.2d 48 (Colo.1996).

■ The legal standards the City was to apply in classifying plaintiff's position were in the rules of the Career Service Authority and the following City Ordinance:

The position of every employee of the city in the career service shall be allocated to a class in the classification plan adopted herein. Such allocation shall be made on the basis of the duties of the position and

in accordance with the rules of the career service board.

Denver, Colo., Ordinance § 18–37.

The general statement of duties for the job classification of ACA–Senior in the Classification Manual is:

Provides legal counsel to city officers and employees and representation in the prosecution and defense of legal cases before administrative agencies, and trial and appellate courts; and/or performs lead work over subordinate attorneys within the activities of an assigned legal area.

This job description goes on to state eleven job responsibilities. Six of these—numbers one to six—are statements of attorney duties and responsibilities, as opposed to office administration tasks. Four of these—numbers seven to ten—are office administration and lower level supervisory duties including lead work. The first of these listed responsibilities states, "Independently prepares administrative hearings and complex cases for trial ... including development of motions and civil discovery, and represents the City in those proceedings, as well as corresponding appellate briefing and argument."

The general statement of duties for the job classification of ACA–Supervisor in the Classification Manual is:

Directs the activities of Assistant City Attorneys assigned to a division of the City Attorney's Office. Counsels, advises and represents city officers and employees in administrative tribunals, trial courts and appellate courts.

The job description for ACA–Supervisor also lists eleven job responsibilities. Six of these—numbers one, three, and seven to ten—are statements of office administration and higher levels of supervisory responsibilities. Four of these—numbers two, four, five, and six—are statements of attorney duties such as litigation, legal research, and legal counseling. The first of these listed responsibilities states, "Supervises Assistant City Attorneys assigned to a division of the City Attorney's Office."

"Lead work" is defined in the classification manual as:

Intermittent or regular performance of some of the supervisory elements which occupy between 20% to 50% of an employee's time and are in addition and secondary to the non-supervisory duties performed. Final accountability remains with the supervisor delegating the lead work assignment. Regularly assigned lead work elements normally consist of priorities determination, work assignment, instruction and review and problem resolution.

"Supervision" is defined in the classification manual as:

Primary responsibility for arranging and directing the work of two or more employees (usually at a specified classification level) for the major part of over fifty percent of total job time, by performing some combination of the following supervisory elements.

The definition then lists the following supervisory elements: work planning; methods and procedures establishment; priorities determination; assignment of work; work instruction; problem resolution; work review; budgeting; staffing; scheduling; orientation; training and staff development; grievance handling; discipline; employee performance evaluation; employee status change; and communication.

The principal thrust of the job description for ACA–Senior is trial work, legal drafting, and legal counseling activities. The principal thrust of the job description for ACA–Supervisor is office administration and high levels of supervisory duties.

When the findings made by the Board are applied to the above standards, it is clear defendant's position did not cleanly fall within either job classification. The evidence shows that plaintiff's work, including his supervisory work, is directly related to trials in the municipal court. The evidence further shows that plaintiff's supervisory work includes some of the elements listed in the definition of supervision, but did not include any of the higher levels of supervisory work such as budgeting, staffing, grievance handling, discipline beyond oral reprimand, and employee status change. The job description of ACA–Senior, with its emphasis on trial work and client representation, matches, in

part, the work performed by plaintiff. The description of ACA–Senior includes some lead work, but the amount of lead work performed by plaintiff exceeds the definition of lead work in the classification manual.

The job description of ACA–Supervisor emphasizes office administration duties over trial work and client representation. The hearing officer found that the position of ACA–Supervisor contemplates supervisory responsibility over an entire section of the City Attorney's Office, not just a unit within a section. The assistant city attorney who supervises the PACE section is classified as an ACA–Supervisor, and this assignment is consistent with the job description and the hearing officer's findings.

The trial court took the position that, because most of plaintiff's work was supervision of other attorneys, the Board erroneously applied the above definitions to arrive at the conclusion that plaintiff more closely met the job description for ACA–Supervisor. However this analysis focuses too narrowly on the definitions of lead work and supervisor, and does not adequately consider the complete job descriptions of ACA–Senior and ACA–Supervisor.

Denver Ordinance § 18–37 requires the City to allocate plaintiff's position to an appropriate classification. If the position did not clearly fall within a classification, the Board must make a decision based on the rules and the sound exercise of discretion. If there is a reasonable basis for the Board's application of the rules, it may not be set aside. *Tebbetts v. Whitson,* 956 P.2d 639 (Colo.App.1997).

In this case, the evidence showed plaintiff performed elements of both job classifications in his work. The Board's application of the ordinance and the Career Service Authority rules to the facts is not unreasonable, and therefore, does not constitute an abuse of discretion. There was evidence in the record to support the Board's conclusion that plaintiff's job fit more closely within the classification of ACA–Senior. Therefore, we conclude that the trial court erred when it determined that the Board applied an erroneous legal standard.

The judgment of the trial court is reversed, and the cause is remanded with directions to affirm the findings and order of the Board.

Judge METZGER and Judge RULAND concur.