2016 COA 156

Brian MARSHALL, Plaintiff–Appellant,

v.

CIVIL SERVICE COMMISSION of the City and County of Denver, and City and County of Denver, a municipal corporation, Defendants–Appellees.

**Court of Appeals No. 15CA1447**

Colorado Court of Appeals,
Div. III.

Announced October 20, 2016

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2016.

Olson Law Firm, LLC, Sean T. Olson, Denver, Colorado, for Plaintiff–Appellant

Cristal Torres DeHerrera, City Attorney, Richard A. Stubbs, Assistant City Attorney, John–Paul C. Sauer, Assistant City Attorney, for Defendants–Appellees

Opinion by JUDGE WEBB

¶ 1 Does the Denver City Charter (the Charter) resolve who should bear the burden of proof in an employee's appeal of adverse personnel action—the employee or the City department that imposed it? And if the Charter does not do so, then is the Civil Service Commission of the City and County of Denver (the Commission) free to impose that burden on the employee by rule, as it did in this case? These questions have not been answered in any appellate opinion.

¶ 2 First, we conclude that the Charter does not resolve who should bear the burden of proof. Second, we conclude that the Commission is free to impose the burden by rule, so long as the rule is consistent with the Charter. Discerning no inconsistency, we affirm the district court's judgment upholding the Commission's ruling against police officer Brian Marshall because he failed to satisfy his procedural burden of proving his suspension to have been "clearly erroneous" under rules adopted by the Commission.

I. Factual and Procedural History

¶ 3 The Executive Director of Safety (the Director)[1] imposed a ten-day suspension without pay on Marshall because he had used excessive force in arresting a suspected drunk driver. Marshall appealed. A hearing officer found that Marshall had proven the Director's action to have been clearly erroneous. The Director appealed to the Commission. The Commission disagreed and reversed the hearing officer's decision.

¶ 4 Marshall then challenged the Commission's decision in district court under C.R.C.P. 106(a)(4). The court upheld the Commission's decision. And now, Marshall has appealed the district court's decision.

¶ 5 On appeal, Marshall's sole contention is that by imposing the burden on him to show that the Director's action was clearly erroneous, the Commission violated the Charter.[2] This contention is bookended by section 9.4.15(C) of the Charter and section 9(B) of Commission Rule 12.

¶ 6 Section 9.4.15(C) of the Charter frames the basic procedural requirements for employee discipline and authorizes the Commission to adopt further procedural rules:

At a disciplinary hearing the member in person or by counsel, *may offer evidence* in support of his or her written objections. The [Director], acting through the City Attorney as counsel, *shall offer evidence* in justification of the departmental action. The hearing shall be recorded by a reporter or by an electronic recording device and a full record made. The Commission *may adopt rules regarding pre-hearing matters and the conduct of the hearing.*

(Emphasis added.)

¶ 7 Four provisions of Commission Rule 12 bear on the burden of proof. As relevant here:

- Section 8(D)(1) states in part:

    All hearings shall follow the provisions of Section 24–4–105(7), (8), and (9)(a) of the Colorado Administrative Procedure Act. . . .

- Section 8(D)(2) states in part:

    The Department of Safety shall proceed first and, acting through the City Attorney as counsel, *shall offer evidence in justification of the departmental action,*

---

1. Formerly the Manager of Safety but now known as the Executive Director of Safety.

2. Marshall does not contend that if imposing this burden on him was proper, he met it.

that is, the Department of Safety shall present sufficient evidence to create a reasonable inference of the correctness of the sustained Rule violation(s) and the imposed penalty(s) as contained in the Departmental Order of Disciplinary Action.

(Footnote omitted.)

- Section 8(D)(3) states:

  The Classified Member in person, or by counsel, *may offer evidence in support of his or her written objections* to the Departmental Order. The Petitioner shall be considered the proponent of an order seeking reversal or modification of the discipline imposed.

(Footnote omitted.)

- Under Rule 12, section 9(B)(1)(b)—as the "proponent"—the employee must show that the disciplinary action was "clearly erroneous."

## II. Preservation and Standard of Review

¶ 8 Marshall's contentions on appeal were raised before the Commission and in the district court. Thus, they are preserved.

¶ 9 "Because the case here turns on interpretation of the city's charter, a legal issue, our review is de novo." *N. Ave. Ctr., L.L.C. v. City of Grand Junction*, 140 P.3d 308, 310 (Colo. App. 2006). Even so, courts defer to the interpretation of a statute or a regulation by the agency charged with its administration, provided the interpretation has a reasonable basis in the law and is supported by the record. *Nededog v. Colo. Dep't of Health Care Policy & Fin.*, 98 P.3d 960, 962 (Colo. App. 2004). As well, final agency action is subject to reversal only if it is arbitrary or capricious, contrary to law, an abuse of discretion, in excess of jurisdiction, based on clearly erroneous findings, or unsupported by substantial evidence. § 24–4–106(7), C.R.S. 2016.

¶ 10 In an appeal under C.R.C.P. 106(a)(4), the court of appeals is in the same position as the district court. *City of Colorado Springs v. Givan*, 897 P.2d 753, 756 (Colo. 1995). That is, review is limited to the decisions of the hearing officer and the Commis-

sion. *See Puckett v. City & Cty. of Denver*, 12 P.3d 313, 314 (Colo. App. 2000).

## III. Discussion

¶ 11 Marshall advances two contentions against the Commission's imposing the burden of proof on him. First, he argues that the procedural rules adopted by the Commission conflict with section 9.4.15 of the Charter because the Charter requires that the burden of proof remain with the Director. Second, he asserts that unspecified "general principles" of the Charter preclude the Commission from weakening employment protections by imposing the burden of proof on City employees. We address and reject these contentions in turn.

### A. The Procedural Rules Adopted by the Commission Do Not Conflict With Charter Section 9.4.15

¶ 12 Because "[a] municipal charter is the equivalent of a statute or other legislation," when interpreting such a charter courts apply the principles of statutory interpretation. *Friends of Denver Parks, Inc. v. City & Cty. of Denver*, 2013 COA 177, ¶ 41, 327 P.3d 311. According to one of those principles, when an agency exercises rulemaking authority, "[a] rule may not modify or contravene an existing statute, and any rule that is inconsistent with or contrary to a statute is void." *Colo. Consumer Health Initiative v. Colo. Bd. of Health*, 240 P.3d 525, 528 (Colo. App. 2010). Otherwise, a home-rule city, like the General Assembly, may permit an agency to promulgate rules and regulations to carry out the legislative purposes of the power granted to the agency without adopting a specific formula to guide agency rulemaking. *Martinez v. Colo. Dep't of Human Servs.*, 97 P.3d 152, 157 (Colo. App. 2003).

¶ 13 With these principles in mind, Marshall argues that the procedural rules requiring him to bear the burden of proof before the Commission conflict with the Charter. Specifically, he asserts that because section 9.4.15(C) describes the parties' burdens differently—the "[Director] *shall* offer evidence" while the disciplined or discharged employee "*may* offer evidence"—it requires

that the burden of proof remain with the Director to justify any disciplinary decision. We interpret the Charter differently.

¶ 14 To begin, Marshall admits that the Charter does not expressly address the burden of proof. Applying principles of statutory interpretation, Marshall's argument that the Charter *implicitly* places the burden of proof on the Director faces two hurdles. It does not get over either of them.

¶ 15 First, when construing statutes, courts start with "the plain meaning of the statutory language, reading words and phrases in context and construing them according to common usage." *In re Estate of Ramstetter*, 2016 COA 81, ¶ 16, ——, P.3d ——, 2016 WL 2962493. Doing so here, the language of section 9.4.15(C) of the Charter—"the [Director] shall offer evidence in justification"—requires only that the Director present an unspecified quantum of evidence. Thus, Commission Rule 12, section 8(D)(2)'s requirement of "sufficient evidence to create a reasonable inference of the correctness of the sustained Rule violation(s) and the imposed penalty(s)" comports with the Charter on this evidentiary requirement. This is so because both formulations are consistent with imposing the burden of production on the Director. *See Owens v. Republic of Sudan*, No. CV 01-2244 (JDB), 174 F.Supp.3d 242, 2016 WL 1170919, at *25 (D.D.C. Mar. 23, 2016) (explaining that the burden of production in administrative law "is the amount of evidence constituting enough to justify, if the trial were to a jury, a refusal to direct a verdict ..." (quoting *Kay v. FCC*, 396 F.3d 1184, 1188 (D.C. Cir. 2005))); *accord Pike v. S.C. Dep't of Transp.*, 343 S.C. 224, 540 S.E.2d 87, 91 (S.C. 2000) ("A burden of production generally means the burden on a party to come forward with evidence in order to defeat a directed verdict motion."); *see generally* 2 McCormick on Evidence § 336 (Kenneth S. Broun ed., 5th ed. 1999).

¶ 16 In contrast, Marshall's suggested interpretation would expand "shall offer evidence" into a mandate that the Director bear the *ultimate* burden of proof before the Commission. *Cf. People in Interest of A.D.G.*, 895 P.2d 1067, 1070 (Colo. App. 1994) (" 'Bur-

den of proof' means the obligation to establish the truth of a proposition."). We reject Marshall's invitation to read such language into the Charter. *See Williams v. Dep't of Pub. Safety*, 2015 COA 180, ¶ 85, 369 P.3d 760 (The court "must accept the General Assembly's choice of language and not add or imply words that simply are not there.").

¶ 17 Second, the Charter delegates unlimited rulemaking authority to the Commission regarding hearing procedures. The burden of proof in a hearing is a matter of procedure. *People in Interest of R.F.A.*, 744 P.2d 1202, 1204 (Colo. App. 1987). Yet, Marshall's interpretation would exclude assigning the burden of proof from this unlimited rulemaking authority.

¶ 18 When faced with potentially inconsistent clauses in a statute that "may be reconciled by one construction but would conflict under a different interpretation, the construction which results in harmony rather than inconsistency should be adopted." *In re Marriage of Ikeler*, 161 P.3d 663, 667 (Colo. 2007). Because we must favor the interpretation that reconciles the requirement to present evidence with the broad grant of authority to the Commission to establish procedural rules, we reject Marshall's suggested interpretation.

¶ 19 As an alternative to his may/shall argument, Marshall advances two Colorado cases as support for his contention that the burden of proof must rest with the Director: *American Insurance Co. v. Naylor*, 101 Colo. 34, 70 P.2d 349 (1937), and *Department of Institutions v. Kinchen*, 886 P.2d 700 (Colo. 1994). These cases do not carry the weight that Marshall seeks to place on them.

¶ 20 In *Naylor*, 101 Colo. at 39, 70 P.2d at 352, the supreme court recognized that the default rule for assigning the burden of proof is which party would prevail if "no evidence at all were given, the burden being of course on the adverse party." According to Marshall, if his may/shall argument fails, then because the Charter is silent on who bears the burden of proof, the default rule applies. But *Naylor* was a common law negligence action that involved a jury instruction con-

cerning the burden of proving whether an agent had acted within the scope of his authority, not an administrative proceeding.

¶ 21 Further, by relying on the default rule, Marshall reads the Charter in a vacuum. In *Naylor*, the supreme court held to be reversible error an instruction that created a presumption of fact—that defendant's agent was acting within the scope of his authority—in favor of the plaintiff, which the defendant then had to *disprove* by a preponderance of the evidence. Unlike such common law actions, in administrative proceedings the "burden of proof is on the party challenging the official action." *Atl. & Pac. Ins. Co. v. Barnes*, 666 P.2d 163, 165 (Colo. App. 1983). This is so because "[a]dministrative proceedings are accorded a presumption of validity and regularity" and "[t]he burden is on the party challenging an administrative agency's action to overcome the presumption that the agency's acts were proper." *City & Cty. of Denver v. Bd. of Adjustment*, 55 P.3d 252, 254 (Colo. App. 2002). And here, because that party is Marshall, he cannot benefit from the *Naylor* default rule.

¶ 22 Unlike *Naylor*, *Kinchen* involved review of an administrative proceeding. There, the court held that the State Personnel Board, as the "propounder of the employee's dismissal," must bear the burden of proof in an evidentiary hearing against a state employee. 886 P.2d at 706. True enough, several similarities exist between the state personnel system in *Kinchen* and the Commission's review here: both require a hearing officer to make initial determinations of fact that are binding on review; both require that hearings be conducted in accordance with section 24–

¶ 105, C.R.S. 2016; and both allow for judicial review of the final administrative order.[3]

¶ 23 But a closer look shows that *Kinchen* is distinguishable.

¶ 24 The analysis in *Kinchen* relied on the initial discipline being subject to de novo review. The court began with section 24–4–105(7), which states in part: "[e]xcept as otherwise provided by statute, the proponent of an order shall have the burden of proof." Then the court concluded that in a de novo proceeding, because it was unclear which party was the proponent, the burden was not definitively on either party:

[B]ecause the disciplinary hearing is conducted *de novo*, the appointing authority is also the proponent of an order by the Personnel Board—an order affirming the appointing authority's disciplinary action. Since each party, the appointing authority and the employee, may be characterized as the proponent of an order in disciplinary hearings before the Personnel Board, section 24–4–105(7) does not definitively place the burden of proof on either party.

*Id.* at 707 (footnote omitted).

¶ 25 In *Kinchen*, the parties had agreed at oral argument that the hearing before the Personnel Board was de novo. *Id.* at 706 n.10. Not so here. Instead, the parties have taken inconsistent positions.

¶ 26 Before the district court, Marshall conceded that the administrative review of the Director's action was not de novo, but he argued that it should have been. Before the Commission, the City conceded that the review by custom had been de novo before the modification of Rule 12, but on appeal the City argues that based on Charter section 9.4.15(D), the review was not de novo.[4] Even

3. The court looked to the Colorado Constitution's guarantee of employment "during efficient service" in article XII, section 13(8) to provide the guidance that section 24–4–105(7), C.R.S. 2016, lacked. *Dep't of Insts. v. Kinchen*, 886 P.2d 700, 707 (Colo. 1994). In contrast, City employees are not covered by this constitutional provision. But at oral argument, the City conceded that the Charter's "for cause" protection equals this constitutional provision.

4. The City relies on the first sentence: "In reviewing the disciplinary action, the Hearing Officer shall give due weight to the necessity of the

maintaining by the [Director] of administrative control of the department." City Charter § 9.4.15(D). Marshall responds that the division in *City of Aurora v. Civil Service Commission*, 40 Colo.App. 98, 570 P.2d 253 (1977), considered similar language in the Aurora city charter, but did not interpret the language as changing the de novo nature of administrative review. More accurate would be to say that the division did not mention de novo review at all, but held only that the Charter did not "require[ ] the Commission to affirm the penalty imposed by the chief of police in each case." *Id.* at 101, 570 P.2d at 255.

assuming that the administrative proceeding was de novo, however, the remainder of the court's analysis shows why *Kinchen* does not control, in two ways.

¶ 27 First, *Kinchen* placed the burden of proof on the appointing authority to counterbalance the lack of pre-deprivation procedures.[5] *Id.* at 707 (characterizing the pre-deprivation procedures as "informal and afford[ing] little protection to an employee accused of misconduct"). Unlike in *Kinchen*, Marshall received extensive pre-deprivation procedures:

- written notice of the initial Internal Affairs Bureau (IAB) complaint;

- a thorough investigation of the underlying incident, with written statements taken from all officers, passengers, and witnesses present at the scene, as well as the participants being photographed;

- written notice that the Director was considering disciplinary action against him, setting forth the alleged rule violations and a factual summary;

- an opportunity to consult with his union representative, review the evidence before any discipline was imposed, and ask the IAB for further investigation or to correct any mistakes he found in the record;

- an opportunity at a pre-disciplinary hearing—at which he could be represented by his union or counsel—to correct mistakes in the record or offer defenses and mitigation; and

- a written order from the Director explaining in detail why he had violated the departmental rule and why his suspension was imposed.

¶ 28 Second, *Kinchen* did not address whether the Personnel Board had rulemaking authority over hearing procedures to fill the gap created by section 24-4-105(7)'s perceived lack of guidance. In contrast, as discussed above, the Charter delegated authority to the Commission to make rules governing hearings for City employees.

¶ 29 For these reasons, *Kinchen* does not require placing the burden of proof on the Director.

¶ 30 In sum, we reject Marshall's contention that the revised rules conflict with the Charter.

**B. General Principles of the Charter Do Not Preclude the Commission from Placing the Burden of Proof on the Employee Challenging Adverse Personnel Action**

¶ 31 We also reject Marshall's contention that general principles of the Charter prevent the Commission from assigning the burden of proof to the employee challenging the discipline imposed. While he does not cite to any specific Charter language, Marshall argues that the Charter was not intended to give the City "a blank check of disciplinary authority"; instead, it was intended to protect civil service employees from "arbitrary and capricious political action," by giving every employee the right to demand that the Director present its case against him.

¶ 32 Still, and even accepting Marshall's characterizations, they do not preclude shifting the burden of proof in the hearing before the Commission or a hearing officer. Rather than giving the City license to act arbitrarily and capriciously, Commission Rule 12, section 8(D)(2) requires that the Director "present sufficient evidence to create a reasonable inference of the correctness of the sustained Rule violation(s) and the imposed penalty(s)." As well, the Commission's orders remain reviewable under C.R.C.P. 106(a)(4) for abuse of discretion. Thus, the Commission did not violate any general principles of the Charter when it revised the procedural rules.

## IV. Conclusion

¶ 33 The judgment of the district court in favor of the Commission is affirmed.

---

5. We need not consider whether *Kinchen* turns on due process rather than statutory interpreta- tion because at oral argument Marshall clarified

Hawthorne and Vogt *, JJ., concur

that he has abandoned his procedural due process argument.

