The PEOPLE of the State of
Colorado, Appellant,

In the Interest of K.M.,
Juvenile–Appellee.

No. 09CA1699.

Colorado Court of Appeals,
Div. A.

April 15, 2010.

Kenneth R. Buck, District Attorney, Christian J. Schulte, Chief Deputy District Attorney, Greeley, Colorado, for Appellant.

No Appearance for Juvenile–Appellee.

Opinion by Judge CRISWELL.*

The prosecution appeals the trial court's order, entered in a juvenile delinquency proceeding against K.M., that denied the restitution sought by the Crime Victim Compensation Board (CVCB). It argues that the court lacked authority to request confidential documents necessary to calculate the amount of disbursements that the CVCB had made for victim expenses, which the court had previously concluded were compensable. We affirm.

## I. Procedural History

K.M. and D.D. were involved in an altercation at school. As a result, the prosecution filed a delinquency petition alleging that K.M. had committed acts which, if committed by an adult, would constitute the offenses of second degree assault and interference with staff, faculty, or students of an educational institution.

K.M. pleaded guilty to a single count of harassment pursuant to a plea bargain. The court dismissed the original delinquency counts, sentenced K.M. to probation, and scheduled a restitution hearing.

At the restitution hearing, the court heard testimony about the altercation from the two juveniles and from a third student who had witnessed the fight. D.D.'s mother testified and described the medical treatment he had received. In addition, an employee of the district attorney's office who was responsible for submitting reimbursement requests to the CVCB testified that the CVCB had made disbursements for D.D.'s medical expenses ($1755.70) and for his mother's lost wages ($2630.53).

At the conclusion of the hearing, K.M. argued that he should not have to pay any restitution because D.D. had punched him in the face first, and he had merely acted in self-defense when delivering a similar blow in return. Alternatively, K.M. asked the court

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2009.

to direct the prosecution to differentiate between those expenses that were attributable to D.D.'s injured hand (which he had broken when he struck K.M. in the face), and those that related to D.D.'s injured jaw (which was broken when K.M. returned a blow to his face). The court invited both parties to submit additional written pleadings.

The prosecution filed a statement of authorities asserting that, pursuant to section 24–4.1–107.5(2), C.R.S.2009, all materials submitted to the CVCB in connection with a reimbursement request are confidential and are not subject to disclosure unless a court first conducts an in camera review and concludes that the materials are necessary for the resolution of a pending issue. K.M. filed a brief arguing that he should not be required to pay restitution because the prosecution had failed to specify which medical bills related to D.D.'s hand injury and which related to his broken jaw.

The court issued an order finding that K.M. had started the altercation when he pushed D.D., but that this had not caused any injury or pain to D.D. Based on this finding, the court determined that D.D. "was not acting in self-defense when he threw the first punch." Thus, the court refused to award restitution to the CVCB for payments it had made related to D.D.'s hand injury, reasoning that that injury was not proximately caused by K.M.'s unlawful pushing because D.D.'s disproportionate response was not reasonably foreseeable. Conversely, the court also concluded that K.M. had "used unreasonable force in self-defense when he punched [D.D.] in the jaw," and that he was therefore responsible for those expenditures which the CVCB had made related to D.D.'s jaw injury. Accordingly, the court stated that the prosecution "must provide the court with a breakdown specifically showing the pecuniary loss related only to [D.D.'s] broken jaw, and an order in that amount shall enter."

Two weeks later, K.M. filed a written objection to the court's decision allowing the prosecution additional time to supplement the record with evidence establishing the amount the CVCB had disbursed in connection with D.D.'s jaw injury, which had not been introduced at the hearing. The court declined to foreclose supplementation of the record, but it ruled that K.M. would be relieved of any obligation to pay restitution if the prosecution did not submit the additional requested evidence within one week.

Rather than comply with the court's order, the prosecution instead filed a "Response to Restitution Order" in which it again sought restitution for all CVCB expenditures based on the same arguments it had previously advanced at the restitution hearing. Further, the prosecution asserted it was impossible to "produce the breakdown as ordered by the court" because it did "not have access to the specific information contained in" the CVCB's records due to the confidentiality provision of section 24–4.1–107.5(2).

The court ruled that "no order of restitution shall enter" because "the People have declined to provide the itemization of restitution that is due and owing as set forth in this court's orders."

The prosecution now appeals from that order.

## II. Analysis

The prosecution argues that the trial court erred by (1) applying principles of self-defense when establishing the appropriate amount of restitution and (2) neglecting to make any findings with respect to the CVCB's expenditure for D.D.'s mother's lost earnings. We are unable to review these claims due to the prosecution's noncompliance with the court's order.

Each judicial district has a CVCB which is responsible for making compensation awards to crime victims, and to the relatives of crime victims, for reasonable expenses proximately caused by a criminal act. The funds for these awards are derived primarily from surcharges paid by criminal defendants. §§ 24–4.1–102(9), (10)(a)(III), 24–4.1–103, C.R.S., 24–4.1–105, C.R.S.2009. Compensable expenses include, among other things, medical bills, lost earnings, and homemaker services. § 24–4.1–109(1)(a), (b), (d), C.R.S.2009.

If a CVCB awards compensation to a victim or other qualifying party, the CVCB is eligible to obtain restitution through a crimi-

nal proceeding. § 18–1.3–602(4)(a)(IV), C.R.S.2009. This right of subrogation also applies in delinquency proceedings. *See* § 19–2–918, C.R.S.2009 (incorporating the restitution statutes for adult criminal prosecutions into the juvenile justice system).

However, the fact that a CVCB has made an award of compensation does not determine an offender's liability for the disbursement. Rather, as with any other claim for restitution, the trial court has an obligation to make an independent determination whether the prosecution has carried its burden of proving, by a preponderance of the evidence that a particular loss was "proximately caused by an offender's conduct." § 18–1.3–602(3)(a), C.R.S.2009; *see People in Interest of D.W.,* 232 P.3d 182, 183, 2009 WL 2782881 (Colo.App. No. 08CA2223, Sept. 3, 2009) (the prosecution has the burden of establishing restitution by a preponderance of the evidence). Such determinations may not be disturbed on appeal absent an abuse of discretion. *D.W.,* 232 P.3d at 183.

Here, it would be only an academic exercise for us to decide whether the trial court acted within its discretion when crafting its initial order disallowing restitution for costs associated with D.D.'s broken hand and directing K.M. to reimburse the CVCB only for the amount of the disbursements it had made related to D.D.'s broken jaw. Because the prosecution refused to comply with the court's request for additional evidence necessary to apportion expenses as between these two injuries, the court lacked a factual basis to enter a final order specifying the exact amount of restitution owed in conjunction with the broken jaw (either for the medical bills or for the earnings that were lost by D.D.'s mother when performing support services for him in connection with his broken jaw). Thus, the only question properly before us is whether, in light of the prosecution's noncompliance with the court's request for documentation necessary to make the foregoing calculations, the court abused its discretion by refusing to order that K.M. pay restitution. We conclude the court acted within its discretion.

As the prosecution correctly indicated in its initial written statement of authorities, the statutory confidentiality of materials submitted to a CVCB is not absolute, but is, instead, subject to the trial court's in camera review:

> Any materials received, made, or kept by a crime victim compensation board or a district attorney concerning an application for victim's compensation made under this article are confidential. *Any such materials shall not be discoverable unless the court conducts an in camera review of the materials sought to be discovered and determines that the materials sought are necessary for the resolution of an issue then pending before the court.* The district attorney shall have standing in any action to oppose the disclosure of any such materials.

§ 24–4.1–107.5(2) (emphasis added).

For purposes this section:

> "In camera review" means a hearing or review in a courtroom, hearing room, or chambers to which the general public is not admitted. After such hearing or review, the contents of the oral and other evidence and statements of the judge and counsel shall be held in confidence by those participating in or present at the hearing or review, and any transcript of the hearing or review shall be sealed, *until and unless the contents are ordered to be disclosed by a court having jurisdiction over the matter.*"

§ 24–4.1–107.5(1), C.R.S.2009 (emphasis added).

To obtain such an in camera review, it is necessary to demonstrate that the request for such a review is not based on speculation and is warranted because the information requested would tend to disprove all or part of the prosecution's restitution request. *People v. Rivera,* — P.3d —, —, 2010 WL 961648 (Colo.App. No. 07CA0279, Mar. 18, 2010). Here, given the trial court's findings with respect to the issue of causation, it is evident that an in camera view was warranted.

Although the prosecution recognized the availability of the in camera review procedure in its initial written filing, in its second filing (the Response to Restitution Order) it

apparently misconstrued its statutory right "to oppose the disclosure of any such materials" as a right to refuse to submit the materials for in camera inspection. Although the prosecution now claims it could not have submitted the materials for in camera review because "[s]uch a review cannot occur without a court order," we conclude the prosecution could have either (1) asked the court to issue such an order before submitting the materials; or (2) submitted the materials under seal with an accompanying request for in camera review.

Nor are we persuaded by the prosecution's claim that the materials in question were not within its control, at least for the limited purpose of facilitating the CVCB's submission of the materials for in camera review.[1] *See* § 24–4.1–104, C.R.S.2009 ("The district attorney and his [or her] legal and administrative staff [are charged with] assist[ing] the [CVCB] in the performance of its duties....").

Moreover, we note the prosecution does not claim it ever tried to establish the appropriate amount of restitution by obtaining the necessary documentation directly from D.D. or his mother (e.g., medical bills specifying the cost of services performed in connection with each injury, or time records from D.D.'s mother identifying what portion of her uncompensated time away from work was attributable to D.D.'s broken jaw).

Accordingly, in light of the prosecution's noncompliance, we read the trial court's order as impliedly finding that the prosecution failed to carry its burden of proving the amount of restitution owed. And under these unusual circumstances, we cannot say the court abused its discretion by refusing to draft a restitution order based on mere speculation. *See People v. Vigil,* 729 P.2d 360, 362 (Colo.1986) (upholding dismissal of charges where the prosecution refused to comply with the trial court's order to produce a confidential informant at an in camera hearing); *People v. Reyes,* 166 P.3d 301, 302 (Colo.App.2007) (" '[m]ore than speculation is required in order for the defendant to bear

responsibility [for paying restitution] for the injury' " (quoting *Cumhuriyet v. People,* 200 Colo. 466, 469, 615 P.2d 724, 726 (1980)) ).

The order is affirmed.

Chief Judge DAVIDSON and Judge NEY * concur.

---

1. Contrary to the prosecution's suggestion, we need not opine on whether CVCB records are discoverable pursuant to Crim. P. 16. That issue is not implicated in this case because K.M. did not move for disclosure of the confidential materials under Crim. P. 16.