2015 COA 178

**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Zachary James BOHN, Defendant–Appellant.**

**Court of Appeals No. 13CA0644**

Colorado Court of Appeals, Div. VII.

Announced December 31, 2015

Rehearing Denied February 4, 2016

Cynthia H. Coffman, Attorney General, Brock J. Swanson, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Anne T. Amicarella, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by JUDGE MILLER

¶ 1 Defendant, Zachary James Bohn, appeals the district court's restitution order. He contends that the court abused its discretion by ordering restitution to reimburse the Crime Victim Compensation Board (CVCB) for the amount it paid to the victim for lost wages. In a case of first impression, we conclude that a district court may order restitution to reimburse a CVCB for payments it made to a crime victim for lost wages, some of which covered post-payment periods, so long as the wages at issue were based on work actually missed before the restitution order was entered. We therefore affirm.

## I. Background

¶ 2 On March 19, 2012, defendant's neighbor attempted to stop defendant from assaulting two people. Defendant pushed the neighbor down a flight of stairs, causing a broken bone in the neighbor's foot.

¶ 3 Defendant pleaded guilty to second degree assault and third degree assault. The district court imposed a four-year deferred judgment and sentence on one count and a concurrent sentence of four years of probation on the other count.

¶ 4 The prosecution moved for $9985 in restitution to be paid to the CVCB. The documentation attached to the motion showed that the CVCB had paid the neighbor $3185 for the neighbor's medical bills and $6800 to the neighbor for his lost wages. The CVCB made two payments for lost wages:

- On March 29, 2012—one week and three days after the injury—the CVCB paid the neighbor $2550 for three weeks of lost wages; and
- On April 26, 2012—five weeks and three days after the injury—the CVCB paid the neighbor $4250 for an *additional* five weeks of lost wages (for a total of eight weeks of lost wages).

Defendant objected to the motion.

¶ 5 Before the restitution hearing, the court conducted an in camera review of the CVCB materials and ordered the prosecution to release a copy of them to the defense.

¶ 6 The restitution hearing occurred eleven months after the injury. Defendant pointed out that the restitution request was based on lost wages for work that the neighbor had *expected* to miss in the future and argued that the neighbor never ultimately proved

how much time he had actually been out of work. The prosecution argued simply that, because the CVCB had paid the claim, the CVCB should be reimbursed.

¶ 7 The court ruled at the conclusion of the hearing and ordered the full requested amount of $6800 to reimburse the CVCB for its payments to the neighbor for his lost wages:

> I understand the defendant's statement with regard to the evidence concerning whether work was actually missed or there were anticipated days missed. I also understand that the burden of proof is on the People by a preponderance of the evidence that the restitution was paid. . . .
>
> I don't agree that the issue is actually what the [CVCB] actually paid rather than what the actual restitution was. Nevertheless, the only evidence I have in front of me is that ... there are 50 days missed and the cost of missing 50 days.
>
> I suppose I can interject that I think it's reasonable for someone to anticipate days missed anyway. Especially in light of the evidence I have before me without having any evidence to the contrary.
>
> So for that reason, I am going to order that the amount requested for lost wages ... and paid by the [CVCB] is the correct amount.

Including the medical bills, the court ordered a total of $9792.34 in restitution.

## II. Standards of Review

¶ 8 We review a district court's restitution order for an abuse of discretion. *People v. Henson*, 2013 COA 36, ¶ 9, 307 P.3d 1135. A district court abuses its discretion when it misconstrues or misapplies the law, *id.* or its decision is manifestly arbitrary, unreasonable, or unfair. *People v. Johnson*, 2013 COA 122, ¶ 29, 327 P.3d 305. We will not disturb the district court's determination as to the proper amount of restitution if it is supported by the record. *Henson*, ¶ 9.

¶ 9 We review issues of statutory interpretation de novo. *See People v. McCarthy*, 2012 COA 133, ¶ 6, 292 P.3d 1090.

## III. Analysis

¶ 10 Under the Colorado Crime Victim Compensation Act (Act), a crime victim may seek compensation from a CVCB for losses caused by the criminal conduct. *See* §§ 24–4.1–102(6), (10), –105, C.R.S. 2015; *see generally* §§ 24–4.1–100.1 to –122, C.R.S.2015. Those recoverable losses include "[l]oss of earnings." § 24–4.1–109(1)(b), C.R.S. 2015; *see also* § 24–4.1–102(6), (10).

¶ 11 If the CVCB pays such a claim, the prosecution in the related criminal proceeding may seek restitution to reimburse the CVCB. *See* § 18–1.3–602(4)(a)(IV), C.R.S. 2015. The CVCB is the "victim" for purposes of the restitution proceeding. *See id.*

### A. Central Legal Issue Presented

¶ 12 Defendant's contentions on appeal require us to determine whether a district court may order restitution based on a CVCB's payment to a crime victim for lost wages when, at the time the CVCB paid the claim, at least a portion of the payment was for wages that the crime victim expected to lose in the future. Here, based on the timing of the CVCB's payments to the neighbor, the payments were clearly based in part on wages that the neighbor expected to lose in the future.

¶ 13 We have found nothing in the restitution statute or the Act that prohibits a CVCB from reimbursing a crime victim for wages the victim expects to lose in the future. To be sure, a crime victim must prove his lost wage claim to the CVCB by a preponderance of the evidence. *See* § 24–4.1–106(2), C.R.S. 2015. But section 24–4.1–105, which governs a crime victim's application to the CVCB for compensation, is silent regarding what proof must be submitted as part of a lost wage claim. In contrast, the statute *does* specify what a crime victim must submit based on claims of injury requiring medical treatment or property damage. *See* § 24–4.1–105(2)(a), (b).

¶ 14 Also, section 24–4.1–109(1)(b) allows a CVCB to reimburse a crime victim for "[l]oss of earnings," without specifying whether that includes only wages lost in the past or wages that will be lost in the future.

¶ 15 Significantly, that provision contrasts with section 18–1.3–602(3)(a), which prohibits a district court from ordering restitution directly to a crime victim for "loss of future earnings." Those "future earnings" under section 18–1.3–602(3)(a) are wages that will be lost *after the date that restitution is imposed. See People v. Bryant*, 122 P.3d 1026, 1029 (Colo. App. 2005). If the General Assembly had also intended to prohibit the CVCB from paying a claimant for wages that will be lost *after the date of the CVCB's payment*, it could have included that specific limitation in section 24–4.1–109(1)(b) or anywhere else in the Act, but it did not do so. *See Denver Post Corp. v. Ritter*, 255 P.3d 1083, 1089 (Colo. 2011) ("We construe the entire statutory scheme to give consistent, harmonious, and sensible effect to all [its] parts.").

¶ 16 In his appellate briefs, defendant fails to distinguish between what constitutes "future earnings" *as of the date that the district court imposes restitution*, and what constitutes "future earnings" *as of the date that a CVCB makes a payment to a crime victim*. As discussed above, the statutory scheme governing the imposition of restitution explicitly prohibits only restitution based on wages the crime victim expects to lose *after the date that restitution is imposed*. Here, the court imposed restitution nearly one full year after the neighbor was injured, and there is no suggestion in the record that any of the neighbor's lost wages were based on work missed after the restitution hearing.

## B.  Central Fact–Based Issue Presented

¶ 17 We now turn to whether the prosecution met its burden of proving, by a preponderance of the evidence, that the victim actually lost eight weeks of wages due to his broken foot.

¶ 18 Taking a step back, where a CVCB has paid a victim compensation claim, it becomes the "victim" under the restitution statute and has obviously suffered a loss. However, the fact of payment by a CVCB is not determinative of whether restitution should be ordered. *See People in Interest of K.M.*, 232 P.3d 310, 312 (Colo. App. 2010) (the fact of payment by the CVCB does not

in itself establish the right to restitution); *People v. Rivera*, 250 P.3d 1272, 1274–75 (Colo. App. 2010) (affirming restitution order in part because the CVCB paid the claim).

¶ 19 Instead, where a CVCB has paid a victim compensation claim, the prosecution still must show by a preponderance of the evidence that the CVCB's payment was based on an underlying loss suffered by the crime victim and that the underlying loss was proximately caused by the defendant. *See K.M.*, 232 P.3d at 312.

¶ 20 Under the circumstances in this case, we discern no abuse of discretion in the district court's ruling that the prosecution proved the neighbor's lost wages by a preponderance of the evidence. The documentation that the prosecution did submit—the lost wage form from the neighbor's employer and the letter from the orthopedic practice—was sufficient to show that, before the restitution hearing and the court's order of restitution, the neighbor actually lost the wages that the CVCB reimbursed.

¶ 21 Because we conclude that the district court did not abuse its discretion by awarding restitution, we reject defendant's argument that the restitution order violated his right to due process.

### IV.  Conclusion

¶ 22 The order is affirmed.

JUDGE LICHTENSTEIN and JUDGE ASHBY concur.