Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us. Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
September 26, 2015

**2016 CO 63**

**No. 15SC136, <u>People v. Hoskin</u>—Statutory Interpretation—Due Process—Traffic Infraction—Sufficiency of the Evidence.**

A county court judge in Mesa County found that Mr. Hoskin committed a traffic infraction in violation of Colorado's speeding statute, section 42-2-1101, C.R.S. 2016. The district court reversed and held that the county court judge had impermissibly shifted the burden of proof to Mr. Hoskin by requiring him to prove that his speed was reasonable and prudent under the circumstances after the People presented evidence that Mr. Hoskin was driving in excess of the posted speed limit.

The supreme court reverses the district court and holds that the plain language of Colorado's speeding statute, section 42-2-1101, creates a mandatory rebuttable presumption; specifically, if the people prove that the defendant was driving in excess of the posted speed limit, the burden of going forward shifts to the defendant to prove that his speed was reasonable and prudent under the circumstances then existing. The court further holds that the speeding statute's mandatory rebuttable presumption does not violate due process. Finally, the court concludes that there is sufficient evidence in the record to support the county court's judgment against Mr. Hoskin for speeding.

# The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

## 2016 CO 63

### Supreme Court Case No. 15SC136
*Certiorari to the District Court*
Mesa County District Court Case No. 14CV4106
Honorable Brian J. Flynn, Judge

**Petitioner/Cross-Respondent:**

The People of the State of Colorado,

v.

**Respondent/Cross-Petitioner:**

Gregory K. Hoskin.

### Judgment Reversed
*en banc*
September 26, 2016

**Attorneys for Petitioner/Cross-Respondent:**
Daniel P. Rubinstein, District Attorney, Twenty-first Judicial District
Jeremy Chaffin, Deputy District Attorney
  *Grand Junction, Colorado*

**Attorneys for Respondent/Cross-Petitioner:**
Perkins Coie LLP
Michael L. Bender
Daniel Graham
Benjamin J.H. Delanghe
  *Denver, Colorado*

**JUSTICE BOATRIGHT** delivered the Opinion of the Court.

¶1 In this case, we must determine (1) whether Colorado's speeding statute creates a permissive inference or a mandatory rebuttable presumption and (2) whether there is sufficient evidence to support Respondent/Cross-Petitioner Gregory K. Hoskin's speeding violation. The county court found that Mr. Hoskin committed a traffic infraction in violation of the speeding statute, section 42-2-1101, C.R.S. (2016), because the People offered evidence that he was driving in excess of the posted speed limit and he did not "contradict[] and overcome" this evidence with proof that his speed was "reasonable and prudent under the conditions then existing." § 42-4-1101(1), (4), C.R.S. (2016). Mr. Hoskin appealed, and the district court reversed, concluding that the statute creates a permissive inference and that insufficient evidence supported Mr. Hoskin's speeding violation. We granted certiorari and now reverse.

¶2 We hold that the plain language of Colorado's speeding statute creates a mandatory rebuttable presumption that does not violate due process. Furthermore, we determine that there is sufficient evidence in the record to support the county court's judgment that Mr. Hoskin was speeding. Accordingly, we reverse the judgment of the district court and remand the case to that court with instructions to return the case to the county court to reinstate the judgment against Mr. Hoskin.

## I. Facts and Procedural History

¶3 Troopers from the Colorado State Patrol issued Mr. Hoskin a summons for speeding in Mesa County, Colorado. He pleaded not guilty, and the matter proceeded to a bench trial in county court. At the trial, two state troopers testified that Mr. Hoskin was driving seventy-eight miles per hour in a sixty mile-per-hour zone. Mr. Hoskin

2

cross-examined the troopers about the methodology used to calculate his speed and then testified in his defense. Contrary to the troopers' testimony, Mr. Hoskin stated that he was actually traveling in the "low seventies." He further testified that his speed, despite exceeding the posted speed limit of sixty miles per hour, was in fact reasonable and prudent because the road surface was dry, his vehicle had new tires and was well-maintained, the traffic was light, the visibility was clear, he was driving within the stream of traffic, he had exceptional visibility because of the curve in the road, and he is an experienced driver. During closing argument, Mr. Hoskin argued that Colorado law establishes only "one hard speed limit" of seventy-five miles per hour and that, because he was actually traveling less than seventy-five miles per hour, the People failed to prove beyond a reasonable doubt that his speed was not reasonable and prudent.

¶4     The county court rejected Mr. Hoskin's arguments and found that he had committed a traffic infraction. The court determined that Colorado's speeding statute provides that evidence of a driver's speed in excess of the posted speed limit constitutes "prima facie evidence" that his speed was not reasonable and prudent. See § 42-4-1101(4). It also cited the statute's statement that such prima facie evidence "will remain sufficient proof of" the fact that the speed was not reasonable and prudent "unless contradicted and overcome by evidence." Id. The county court thus concluded that, once the prosecution established that Mr. Hoskin was driving in excess of the posted speed limit, Mr. Hoskin was required to present "sufficient evidence that [he] was driving reasonably and prudently." See § 42-4-1101(1). Ultimately, the county

court found that Mr. Hoskin failed to meet that burden and thus found that he had committed a traffic infraction.

¶5 Mr. Hoskin appealed, and the district court reversed. The district court held that the county court impermissibly shifted the burden of proof to Mr. Hoskin when it required him to prove that his speed was reasonable and prudent, thereby violating his due process rights. See People v. Hoskin, No. 14CV4106, at 9 (Dec. 23, 2014). The district court therefore remanded the case to the county court for a new trial. Id. at 12. After cross-motions for reconsideration, the district court modified its earlier order to reflect that there was insufficient evidence to support Mr. Hoskin's conviction and ordered the county court to enter a judgment of acquittal. See People v. Hoskin, No. 14CV4106, at 1–2 (modified Feb. 13, 2015). We granted certiorari.

## II. Analysis

¶6 First, we must determine whether Colorado's speeding statute creates a permissive inference or a mandatory rebuttable presumption. To resolve this issue, we first provide background on the statute. Then, we define and explain the permissive inference and mandatory rebuttable presumption concepts. Following that, we explain that the plain language of Colorado's speeding statute creates a mandatory rebuttable presumption that shifts the burden of going forward to the defendant to produce evidence rebutting the presumption that the defendant's speed was not reasonable and prudent. Next, we outline Mr. Hoskin's argument that the traffic infraction statute cannot create a mandatory rebuttable presumption because doing so would violate his due process rights. We then explain that the statute does not violate his due process

4

rights because traffic infraction proceedings are civil matters in which defendants are not entitled to the full panoply of criminal due process protections. We therefore hold that the plain language of Colorado's speeding statute creates a mandatory rebuttable presumption that does not violate due process. In the second issue, we address whether there is sufficient evidence in the record to support the judgment against Mr. Hoskin, and we conclude that there is. As a result, we reverse the judgment of the district court and remand the case to that court with instructions to return the case to the county court to reinstate the judgment against Mr. Hoskin.

## A. Permissive Inference vs. Mandatory Rebuttable Presumption

### 1. Standard of Review

¶7    Whether Colorado's speeding statute creates a permissive inference or a mandatory rebuttable presumption is a matter of statutory interpretation, which we review de novo. See BP Am. Prod. Co. v. Colo. Dep't of Revenue, 2016 CO 23, ¶ 9, __ P.3d __; § 42-4-1101(4). When interpreting a statute, our goal is to give effect to legislative intent. BP Am. Prod. Co., ¶ 15. To do so, we look to the statute's language and give its words and phrases their ordinary and commonly accepted meaning. Id. When the statutory language is clear, we need not look to other tools of statutory construction. Id.

### 2. Discussion

¶8    Relevant here, there are two ways in which a driver can violate Colorado's speeding statute. First, regardless of the conditions or any posted speed limit, no person may drive in excess of seventy-five miles per hour. § 42-4-1101(8)(b). Second,

"[n]o person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing." § 42-4-1101(1). To effectuate reasonable and prudent speeds, the state may post particular speed limits on roadways. See § 42-4-1101(2)(h) (deeming speeds "not in excess of a speed limit designated by an official traffic control device" to be lawful). Driving in excess of a posted speed limit constitutes "prima facie evidence that such speed was not reasonable or prudent under the conditions then existing." § 42-4-1101(4). Such prima facie evidence constitutes "sufficient proof that the speed was not reasonable or prudent under the conditions then existing, and [it] will remain sufficient proof of such fact, unless contradicted and overcome by evidence" that the speed was in fact reasonable and prudent. Id. In other words, the statute creates a presumption that exceeding a posted speed limit is "sufficient proof" of speeding unless "contradicted and overcome by evidence." The parties dispute the presumption's type and effect. As a result, we must determine the presumption's meaning.

¶9      The issue before us is whether the speeding statute creates a permissive inference or a mandatory rebuttable presumption. A permissive inference, "allows, but does not require, the trier of fact to infer the elemental fact of a crime from proof by the prosecution of the predicate fact on which the inference is based." Jolly v. People, 742 P.2d 891, 896 (Colo. 1987) (citing Cty. Court v. Allen, 442 U.S. 140, 157 (1979)). Importantly, a permissive inference does not shift "the burden of persuasion on an essential element" of an offense. Id. at 896.

¶10 A mandatory rebuttable presumption, on the other hand, "shifts the burden of going forward to the party against whom it is raised, and . . . if that burden is not met, establishes the presumed facts as a matter of law." Krueger v. Ary, 205 P.3d 1150, 1154 (Colo. 2009). If the party whom the presumption operates against meets its burden of going forward (i.e., rebuts the presumption), then the presumption dissipates, but a permissive inference of the presumed facts remains. Id.

¶11 Here, we conclude that the plain language of the speeding statute creates a mandatory rebuttable presumption. It provides that once the People prove beyond a reasonable doubt that the defendant was driving in excess of the posted speed limit, the statute shifts to the defendant the burden of going forward with evidence to negate an element of the speeding statute. See § 42-4-1708(3), C.R.S. (2016) (providing that the People must "prove the liability of the defendant beyond a reasonable doubt"). Specifically, the statute requires the defendant to "contradict[] and overcome" the "prima facie evidence" that driving "in excess" of the posted speed limit was not "reasonable and prudent under the conditions then existing." § 42-4-1101(1), (4). If the defendant does not rebut the People's prima facie evidence (i.e., the predicate fact— evidence that the defendant was driving in excess of the posted speed limit), then the fact-finder must infer that the defendant's driving was not reasonable and prudent (i.e., the elemental fact). § 42-4-1101(1), (4); Krueger, 205 P.3d at 1154. Put differently, if the defendant fails to rebut the People's prima facie evidence, then the fact-finder must find that the evidence establishes beyond a reasonable doubt that the defendant's speed was not reasonable and prudent. Krueger, 205 P.3d at 1154. On the other hand, if the

7

defendant "contradict[s] and overcome[s]" (i.e., rebuts) the People's evidence, then the mandatory rebuttable presumption disappears and a permissive inference that the defendant was driving at a speed greater than was "reasonable and prudent" remains. Id. In other words, if the defendant successfully rebuts the statutory presumption with evidence that he drove at a "reasonable and prudent" speed, then the presumption of unreasonableness disappears, and the fact-finder must then determine whether or not the People have established beyond a reasonable doubt that the defendant's speed was unreasonable in violation of section 42-4-1101(4). See id.

¶12 The speeding statute's burden-shifting framework is consistent with our definition of a mandatory rebuttable presumption. It "relieves the [People] of the affirmative burden of persuasion" on a particular element by not requiring them to prove what speed was "reasonable and prudent under the conditions then existing." Jolly, 742 P.2d at 897; § 42-4-1101(1). Furthermore, the statute deems the People's evidence that the defendant drove in excess of the posted speed limit to be "sufficient proof" that the speed was not "reasonable or prudent under the conditions then existing" unless the defendant comes forward with evidence that contradicts and overcomes the People's evidence.

¶13 We have previously decided that a prior version of Colorado's speeding statute creates a mandatory rebuttable presumption. In Olinyk v. People, 642 P.2d 490 (Colo. 1982), we explained that "[t]he effect of proof that a driver exceeded a prima facie speed limit is to raise a rebuttable presumption that the driver's speed exceeded what was reasonable or prudent under the circumstances." 642 P.2d at 494-95 (emphasis added).

8

We then determined that if the "driver's speed is the only evidence submitted by the prosecution, and the defendant submits evidence sufficient to rebut the presumption, then a court may rule that a defendant's speed, while in excess of the posted speed limit, was legal under the circumstances existing at the time." Id. at 495 (citations omitted). Accordingly, as we resolved in Olinyk, the speeding statute creates a mandatory rebuttable presumption that shifts the burden of going forward to the defendant to "contradict[] and overcome" the presumption that the defendant's speed was not reasonable and prudent. § 42-4-1101(4).

¶14     Despite our holding in Olinyk and the plain language of Colorado's speeding statute, Mr. Hoskin asserts that we must construe the presumption at issue here to create a permissive inference rather than a mandatory rebuttable presumption. He contends that employing a mandatory rebuttable presumption in traffic infraction cases violates due process by relieving the People of their burden to prove every element of the offense beyond a reasonable doubt. See Jolly, 742 P.2d at 896 (stating that employing mandatory rebuttable presumptions in criminal cases "raises serious due process concerns precisely because these evidentiary devices can have the effect of relieving the prosecution of its constitutionally mandated burden of proof"). Specifically, Mr. Hoskin argues that applying the burden-shifting aspect of the mandatory rebuttable presumption to speeding infraction cases would relieve the People of their burden of proving an element of the traffic offense—that the defendant's speed was not "reasonable and prudent under the conditions then existing." § 42-4-1101(1). Accordingly, he contends that we must construe the speeding statute to

9

create a permissive inference so as to avoid relieving the People of their constitutionally mandated burden of proof. See People v. M.B., 90 P.3d 880, 881 (Colo. 2004) ("If a statute can be construed in a manner that adheres to constitutional requirements, we must adopt that construction."); see also Barnes v. People, 735 P.2d 869, 872 (Colo. 1987) (demonstrating that presumptions in criminal cases are ordinarily construed to raise only a permissive inference).

¶15     In effect, Mr. Hoskin asserts that defendants in traffic infraction cases should have the same burden of proof and due process protections afforded to defendants in criminal cases. In support of his position, Mr. Hoskin notes that his traffic infraction case contains elements of criminal law, such as a summons to appear in court and a warning that failure to do so could result in the loss of his driving privileges. Furthermore, as in criminal cases, Mr. Hoskin argues that the People are required to prove "every element" of a traffic infraction offense beyond a reasonable doubt. See § 42-4-1708(3). Also, the court referred to Mr. Hoskin as the "Defendant" in "The People of the State of Colorado v. Gregory K. Hoskin," which is consistent with labeling and styling conventions in criminal cases. Thus, he reasons that we should construe the presumption at issue in this case to create a permissive inference, as we have in criminal cases. See Barnes, 735 P.2d at 872.

¶16     Although Mr. Hoskin is correct that a permissive inference is the norm in criminal cases, we note, and he acknowledges, that this matter is civil, not criminal. The plain language of a relevant traffic offense statute provides that a "traffic infraction [case] shall constitute a civil matter." § 42-4-1701(1), C.R.S. (2016). Furthermore, the

10

Colorado Rules for Traffic Infractions ("CRTI") demonstrate the informal and civil nature of traffic infraction proceedings. The CRTI apply both civil and criminal law concepts, CRTI 1; however, the CRTI do not entitle defendants to the procedural and constitutional guarantees associated with criminal proceedings. For example, discovery is not available, CRTI 8(a), the rules of evidence do not apply, CRTI 11(c), and post-hearing motions are not permitted, CRTI 13(a). Moreover, the Colorado Rules of Criminal Procedure do not govern these proceedings. See CRTI 2. Also, unlike criminal cases, the court will enter default judgment if the defendant fails to appear. CRTI 16(a). Overall, justice is dispensed "promptly and economically" in these informal, civil proceedings. CRTI 11.

¶17 Mr. Hoskin, while acknowledging that traffic infraction cases are civil matters, nevertheless contends that defendants in these proceedings are entitled to the full panoply of criminal due process protections. But this is incorrect; civil traffic infraction defendants are not entitled to the same due process protections afforded to defendants in criminal proceedings. Rather, due process rights afforded to defendants in criminal proceedings, specifically, as they relate to the burden of proof, are not implicated here. See United States v. 194 Quaker Farms Rd., 85 F.3d 985, 989 (2d. Cir. 1996) ("Generally, Congress may alter the traditional allocation of the burden of proof without infringing upon the litigant's due process rights unless the statute is criminal in nature."); see also Borer v. Lewis, 91 P.3d 375, 380 (Colo. 2004) (noting that "the overall burden necessary to prove a civil claim is a matter of public policy," which is set by the General Assembly).

¶18 In short, because Mr. Hoskin is not entitled to the due process protection that would preclude the imposition of a mandatory rebuttable presumption, it is unnecessary to deviate from the plain language of the speeding statute, which prescribes such a presumption.

¶19 Mr. Hoskin also argues that the pattern criminal jury instruction on speeding favors interpreting the speeding statute to create a permissive inference rather than a mandatory rebuttable presumption. The instruction states that evidence that a defendant was driving in excess of the posted speed limit "gives rise to a permissible inference that such speed was not reasonable or prudent" and that this inference "does not require" the fact-finder to find proof of speeding. COLJI-Crim. 42:08.SP (2015) (emphasis added). Relying on the pattern instruction, Mr. Hoskin argues that we should construe the statute as creating a permissive inference rather than a mandatory rebuttable presumption because the pattern criminal jury instruction accurately summarizes the law. It does not.

¶20 We therefore decline to follow the pattern jury instruction. "[T]he pattern jury instructions are not law, not authoritative, and not binding on this court." Krueger, 205 P.3d at 1154. As explained above, the General Assembly intended to create a mandatory rebuttable presumption that requires inference of the elemental fact after proof of the predicate fact unless rebutted by the defendant.

¶21 For the foregoing reasons, we hold that the plain language of Colorado's speeding statute creates a mandatory rebuttable presumption that does not violate due

12

process. Next, we apply this holding to determine whether there is sufficient evidence in the record to support the judgment against Mr. Hoskin for speeding.

## B. Sufficiency of the Evidence

### 1. Standard of Review

¶22 We must determine whether the evidence, viewed as a whole and in the light most favorable to the prevailing party, is sufficient to support the verdict beyond a reasonable doubt. See Averyt v. Wal-Mart Stores, Inc., 2013 COA 10, ¶ 18, 302 P.3d 321, 324. We must also draw every reasonable inference from the evidence in favor of the prevailing party. Id.

### 2. Discussion

¶23 To violate the speeding statute, the defendant must "drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing." § 42-4-1101(1). Driving in excess of a posted speed limit is "prima facie evidence" of violating the statute. § 42-4-1101(4). "'[P]rima facie evidence' means evidence which is sufficient proof that the speed was not reasonable and prudent under the conditions then existing, and which will remain sufficient proof of such fact, unless contradicted and overcome by evidence that the speed was reasonable and prudent under the conditions then existing." Id. As we have explained, the People's presentation of such prima facie evidence creates a mandatory rebuttable presumption that the defendant drove at an unlawful speed. If the defendant does not rebut the People's prima facie evidence, then the fact-finder must infer the elemental fact that the defendant's driving in excess of the posted speed limit was not reasonable and prudent.

13

§ 42-4-1101(1), (4); <u>Krueger</u>, 205 P.3d at 1154. On the other hand, if the defendant successfully "contradict[s] and overcome[s]" (i.e., rebuts) the People's prima facie evidence with evidence that he drove "reasonabl[y] and prudent[ly]," then the fact-finder must determine whether or not the People have established beyond a reasonable doubt that the defendant's speed was unreasonable in violation of section 42-4-1101(4). See <u>Krueger</u>, at 1154.

¶24    Viewing the evidence in the light most favorable to the People and drawing every reasonable inference in favor of the People, we determine that the county court reasonably concluded that Mr. Hoskin violated the speeding statute. We note that appellate courts "defer to the trial court's credibility determinations and will disturb its findings of fact only if they are clearly erroneous and are not supported by the record." <u>Amos v. Aspen Alps 123, LLC</u>, 2012 CO 46, ¶ 25, 280 P.3d 1256, 1262. The county court determined that there was credible evidence in the record that Mr. Hoskin was driving seventy-eight miles per hour in a sixty mile-per-hour zone and the record supports this finding. The county court also made a credibility determination that Mr. Hoskin's testimony was "self-serving" and insufficient to satisfy his burden to rebut the People's evidence. We defer to the county court's determinations regarding Mr. Hoskin's speed and its conclusion that Mr. Hoskin did not rebut the presumption and, thus, violated the speeding statute. See <u>id.</u> Therefore, we conclude that there is sufficient evidence in the record to support the judgment against Mr. Hoskin for speeding.

14

## III. Conclusion

¶25    For the foregoing reasons, we hold that the plain language of Colorado's speeding statute creates a mandatory rebuttable presumption that does not violate due process.  Furthermore, we determine that there is sufficient evidence in the record to support the judgment against Mr. Hoskin for speeding.  Accordingly, we reverse the judgment of the district court and remand the case to that court with instructions to return the case to the county court to reinstate the judgment against Mr. Hoskin for speeding.