Opinion by JUDGE BERNARD
¶ 1 After a crime victim compensation board makes a payment to a victim, it might ask a court to order the defendant in the victim's case to pay restitution to the board. One of Colorado's restitution statutes, section 18-1.3-603(10)(a), C.R.S. 2017, guides a trial court's decision when addressing a compensation board's request for restitution. As is pertinent to our analysis, it states that (1) if a board has "provided assistance to or on behalf of a victim" "as a result of the defendant's conduct"; then (2) a trial court must "presume[ ]" that the amount of the assistance that the board paid to the victim was "a direct result of the defendant's criminal conduct," which the court "must ... consider[ ] ... in determining the amount of restitution ordered." Id.
¶ 2 In this case, the trial court, relying on section 18-1.3-603(10)(a) 's presumption, ordered defendant, Anthony Wayne Henry, to pay restitution to a compensation board. He appeals, and he asserts that the evidence was not sufficient to support the compensation board's restitution request. We disagree because we conclude that the trial court properly relied on the statutory presumption and that defendant did not provide any evidence to rebut it. We therefore affirm.
I. Background
¶ 3 A jury convicted defendant of third degree assault. It had heard evidence that he *35 had struck the victim, bruising her face, her chest, and her throat.
¶ 4 At the sentencing hearing, the trial court imposed a two-year jail term. As is pertinent to our analysis, the court also ordered defendant to pay $900 in restitution. Defendant objected to this amount, and he asked for an evidentiary hearing. The court replied that he could contest the restitution order after he had consulted with the prosecution to see if the $900 figure was accurate.
¶ 5 This consultation apparently did not satisfy defendant, because he filed a second objection. The objection asked for additional documentation to support the restitution request and for a hearing. The court granted the request for a hearing. But it denied the request for additional documentation, reasoning that the records that defendant sought were confidential.
¶ 6 At the hearing, defendant objected to the documentation that the prosecution had submitted in support of the restitution request. He asserted, as is relevant to our discussion, that the documents did not explain (1) how the victim had suffered any losses; or (2) how defendant's criminal conduct had caused those losses.
¶ 7 After a recess, the issue came into clearer focus. According to the director of the compensation board, the $900 restitution figure included the board's request for restitution for $230 that it had paid to the victim for lost wages. Defendant refined his position, stating that there was no evidence that the victim had missed enough time from work to support a request for $230 in lost wages. He therefore asked the court to review the relevant records from the compensation board in camera.
¶ 8 The compensation board's director then testified. She said that
• the board generally relies on two sources of information when it decided whether and how much it should pay a victim for lost wages:
• a form filled out by a victim; and
• a form filled out by the victim's employer;
• the board then determines when the victim did not work, when the victim returned to work, and whether those dates were "in conjunction" with a reported crime or a court date;
• after calculating the number of work hours that the victim missed, the board multiplies that number by the victim's hourly wage, and it then subtracts fifteen percent;
• the board could pay a victim up to two weeks of lost wages for any reason and without a doctor's note or other documentation as long as the victim's absence from work was directly related to the crime;
• the director did not know how much work that the victim in this case had missed because she did not have the file in the victim's case with her;
• the file in the victim's case was confidential;
• the director estimated that, based on the board's $230 payment to the victim, the victim had missed three to five working days, assuming an hourly wage of $8 to $10, then minus fifteen percent; and
• as far as the director knew, the board had followed all of its policies and procedures in this case.
¶ 9 After the director finished her testimony, defendant argued that the relationship between defendant's conduct and the victim's lost wages would have been too attenuated if the victim had not gone to work because of emotional distress or embarrassment. (This argument was speculative because the record does not contain any evidence to suggest that the victim missed work for those reasons.)
¶ 10 The trial court again ordered defendant to pay $900 in restitution, including a $230 restitution payment to the compensation board to reimburse it for paying the victim's lost wages. The court found that, (1) absent evidence to the contrary, the restitution statute required the court to presume that defendant's conduct was the direct cause of the victim's lost wages; (2) the compensation board's restitution claim was not only based on information from the victim, it was also based on information from her employer; (3) the board had checked to ensure that the dates that the victim had missed were close *36 to the date when defendant had committed the crime; (4) it would not be appropriate to review the board's records in camera; (5) the director's testimony that she had followed the board's guidelines when processing the victim's claim was credible; and (6) defendant's criminal conduct had proximately caused the victim to miss work.
II. Restitution for Lost Wages
¶ 11 Defendant contends that the record does not contain sufficient evidence to support the trial court's decision to order him to pay $230 in restitution to the compensation board for the victim's lost wages. We disagree.
A. Standard of Review
¶ 12 We review a trial court's restitution order for an abuse of discretion. See People v. Bohn , 2015 COA 178, ¶ 8, 381 P.3d 334. A court abuses its discretion when it misconstrues or misapplies the law, or when its decision is manifestly arbitrary, unreasonable, or unfair. See id. We will affirm the court's selection of a specific restitution amount if the record supports it. See id.
¶ 13 We review the trial court's interpretation of a statute de novo. See id. at ¶ 9.
B. Principles of Statutory Construction
¶ 14 We interpret statutes "in strict accordance with the General Assembly's purpose and intent in enacting them." In re 2000-2001 Dist. Grand Jury , 97 P.3d 921, 924 (Colo. 2004). To determine that intent, we first look to the statute's language, see Martin v. People , 27 P.3d 846, 851 (Colo. 2001), giving "words and phrases their plain and ordinary meaning[,]" People v. Padilla-Lopez , 2012 CO 49, ¶ 7, 279 P.3d 651. "If the statutory language unambiguously sets forth the legislative purpose, we need not apply additional rules of statutory construction to determine the statute's meaning." Martin , 27 P.3d at 851.
C. The Restitution Statute
¶ 15 To be a compensable loss, the restitution statute requires that a victim suffer a pecuniary loss (one either specifically mentioned in the statute or some other loss or injury) that is "proximately caused by an offender's conduct and that can be reasonably calculated and recompensed in money." § 18-1.3-602(3)(a), C.R.S. 2017; see also People v. Welliver , 2012 COA 44, ¶ 11, 317 P.3d 1192. "Proximate cause in the context of restitution is defined as a cause which in natural and probable sequence produced the claimed injury and without which the claimed injury would not have been sustained." People v. Rivera , 250 P.3d 1272, 1274 (Colo. App. 2010). The prosecution bears the burden of proving, by a preponderance of the evidence, the amount of restitution owed and, generally, that the defendant's conduct was the proximate cause of the victim's loss. See People v. Martinez , 166 P.3d 223, 224 (Colo. App. 2007).
¶ 16 A crime victim may seek compensation from a compensation board for lost wages. See § 24-4.1-109(1)(b), C.R.S. 2017. If the board pays such a claim, a court may order the defendant to reimburse the board for the amount of assistance that it paid to the victim. See § 18-1.3-602(4)(a)(IV). In this case, that amount (1) was established by "[a] list of the amount of money paid to each provider," § 18-1.3-603(10)(b)(I) ; (2) was "presumed to [have been] a direct result of the defendant's criminal conduct," § 18-1.3-603(10)(a) ; and (3) had to be "considered by the court in determining the amount of restitution ordered," id.
¶ 17 Based on this plain language, we conclude that section 18-1.3-603(10)(a) creates a rebuttable presumption. A rebuttable presumption "shifts the burden of going forward to the party against whom it is raised"-that is, "the burden of going forward with evidence"-and "if that burden is not met, establishes the presumed facts as a matter of law." Krueger v. Ary , 205 P.3d 1150, 1154 (Colo. 2009).
¶ 18 We further conclude that subsection (10) did not create an exception to the rule, expressed in cases such as Martinez , 166 P.3d at 224, that the prosecution must prove that the defendant's conduct was the proximate cause of the victim's loss. Rather, it simply created a rebuttable presumption that the prosecution had satisfied its burden. The *37 rebuttable presumption substituted the compensation board's procedures and its decision to pay the victim for the underlying evidence of causation upon which the board had relied when it decided to pay the victim.
¶ 19 Once a compensation board has established that it paid a victim a set amount, the defendant has the burden of introducing evidence to show that the amount paid was not the direct result of his criminal conduct. Accord People v. Hoskin , 2016 CO 63, ¶ 11, 380 P.3d 130 (concluding that the plain language of the speeding statute created a rebuttable presumption because, once the prosecution proves that the defendant was driving in excess of the posted speed limit, "the statute shifts to the defendant the burden of going forward with evidence to negate an element of the speeding statute").
¶ 20 We acknowledge that, before section 18-1.3-603 was amended in 2015 to add subsection (10), divisions of this court had held that a compensation board's payment did not, by itself, establish its right to restitution. Those cases held that a trial court was still required to determine whether the amount paid was proximately caused by the defendant's criminal conduct. See, e.g. , Bohn , ¶¶ 18-19 ; People in Interest of K.M. , 232 P.3d 310, 312 (Colo. App. 2010). But those cases do not apply to this case because defendant assaulted the victim after the amendment had become effective. See Ch. 60, sec. 6, § 18-1.3-603(10), 2015 Colo. Sess. Laws 147.
D. Application
¶ 21 We conclude, for the following reasons, that the district court did not abuse its discretion when it ordered defendant to pay the compensation board restitution for the victim's lost wages. See Bohn , ¶ 8.
¶ 22 The record shows that the prosecution in this case proved, by a preponderance of the evidence, that the victim had lost $230 in wages and that the compensation board had paid that amount to her. As required by section 18-1.3-603(10)(b)(I), "[t]he amount of assistance provided [was] established by" the "list of the amount of money paid to each provider." And the compensation board director's testimony, which the court found to be credible, showed that, as far as she knew, the board had followed all of its policies and procedures when processing the victim's claim. As a result, relying on section 18-1.3-603(10)(a), the trial court properly presumed that the $230 the compensation board paid the victim for lost wages was "a direct result of the defendant's criminal conduct...."
¶ 23 Although defendant generally agrees that section 18-1.3-603(10)(a) creates a rebuttable presumption, he nonetheless contends that the prosecution did not offer any evidence to tie the $230 dollars in lost wages to his conduct. But his contention misses the point of a rebuttable presumption: the presumption was sufficient to tie the loss and his conduct together, see Hoskin , ¶ 11 ; Krueger , 205 P.3d at 1154, until he presented evidence to the contrary. He did not supply any such evidence, and the record did not contain such evidence from another source, so he did not rebut the presumption. See Hoskin , ¶ 11 ; Krueger , 205 P.3d at 1154.
¶ 24 (We also note that the victim's trial testimony established that she had missed work because defendant had assaulted her. For example, she said that she had not gone to work on the day after the assault because her face was so bruised that "she couldn't ... deal with clients or be in front of everybody." She also wrote in her victim impact statement that, as a result of the crime, she had incurred monetary costs arising out of "days missed at work.")
¶ 25 Defendant asserts that the director of the compensation board testified that, as a general matter, the board would not require a victim's employer to fill out a form about the victim's time away from work if the victim was off of work for less than two weeks. We reject that characterization of her testimony because the statement that she made-that the victim did not have to provide any documentation or explanation-was in response to defendant's question about whether the victim needed to provide a reason for missing work.
¶ 26 When questioned about the board's procedures, the director testified that the board had "a lost wage form that we require the employer to fill out." The director did not *38 testify that the board had not followed this procedure; she instead said that, as far as she knew, the board had followed all of its policies and procedures in this case.
III. In Camera Review of the Compensation Board's Records
¶ 27 Defendant asserts that the trial court should have conducted an in camera review of the compensation board's records. We disagree because we conclude that, under the facts of this case, the trial court did not err when it denied defendant's request for an in camera review.
¶ 28 A compensation board's records "relating to [the] claimed amount of restitution" are confidential. See § 18-1.3-603(10)(c) ; § 24-4.1-107.5(2), C.R.S. 2017. As a result, a defendant generally cannot obtain access to them. § 24-4.1-107.5(2).
¶ 29 But a defendant may ask the court to conduct an in camera review of the records if the request is not speculative, and it "is based on an evidentiary hypothesis that warrants an in camera review to rebut the presumption established in section 18-1.3-603." § 24-4.1-107.5(3). After such a review, the court may release additional information contained in the records only if it finds that the information "[i]s necessary for the defendant to dispute the amount claimed for restitution" and "[w]ill not pose any threat to the safety or welfare of the victim, or any other person whose identity may appear in the board's records, or violate any other privilege or confidentiality right." Id.
¶ 30 Defendant did not satisfy these statutory requirements. He did not offer an evidentiary hypothesis to the trial court that would have shown how the records would have rebutted section 18-1.3-603(10)(a) 's rebuttable presumption. For example, he did not allege how those records would have shown that (1) the victim did not miss enough work to support a $230 payment for lost wages; or (2) her $230 in lost wages were not a direct result of defendant's criminal conduct.
IV. Petition for Rehearing
¶ 31 Defendant filed a petition for rehearing that raised some contentions that he had not included in his opening brief. For example, he raised the "canon of constitutional avoidance in statutory construction" in his petition for rehearing, which he did not mention in his opening brief.
¶ 32 For a second example, his due process contention in the opening brief - "Because the prosecution had not met [its] burden of proof at the restitution hearing for $230 in lost wages, this order was a violation of [defendant's] right to [d]ue [p]rocess ...." - was much different than his due process contention in the petition for rehearing - "The court's failure to conduct the review and disclose the documentation violated ... [defendant's] right to due process."
¶ 33 We will not consider the new contentions because defendant raised them for the first time in his petition for rehearing. See People v. Hassen , 2013 COA 16M, ¶ 17 (citing cases).
¶ 34 The order is affirmed.
Berger and Vogt* , JJ., concur

Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5 (3), and § 24-51-1105, C.R.S. 2017.